# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

FILED

November 12, 2014
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**AUDRA GRAHAM,**
**WIDOW OF BOBBY GRAHAM,**
**Claimant Below, Petitioner**

**vs.)    No. 13-1059**  (BOR Appeal No. 2048253)
                              (Claim No. 840069331)

**WEST VIRGINIA OFFICE OF**
**INSURANCE COMMISSIONER**
**Commissioner Below, Respondent**

**and**

**APOGEE COAL COMPANY,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Audra Graham, pro se, appeals the decision of the West Virginia Workers' Compensation Board of Review. The West Virginia Office of the Insurance Commissioner, by Noah Barnes, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated September 23, 2013, in which the Board affirmed a March 6, 2013, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's January 6, 2011, decision denying Ms. Graham's request for dependent's benefits. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

1

Ms. Graham filed a claim for dependent's benefits following the August 21, 2005, death of her husband, Bobby. Prior to his death the decedent underwent treatment for small cell carcinoma of the lung, which eventually metastasized to his brain. A death summary issued on August 21, 2005, indicated that the decedent's final diagnoses were uncontrolled pain, anemia, shortness of breath, small cell lung carcinoma, and brain metastasis. The decedent's death certificate lists the immediate cause of death as cancer of the lung with a reoccurrence and lists the secondary causes of death as brain metastasis, status-post chemotherapy, and malnutrition. An autopsy of the lungs was performed and a report was issued on September 8, 2005. The autopsy report noted the presence of small cell carcinoma in the right main bronchus, with spread to the right upper and middle lobes and metastases to the hilar lymph nodes and left lower lobe; a right hydrothorax; pleural adhesions; panacinar emphysema; and mild anthracosis with no coal nodules present on microscopic examination. On December 16, 2010, the Occupational Pneumoconiosis Board concluded that occupational pneumoconiosis did not materially contribute to the decedent's death. The Occupational Pneumoconiosis Board noted that the decedent had received a lifetime award of 5% for occupational pneumoconiosis, and determined that x-rays obtained on December 2, 1988, although initially interpreted as positive for the presence of occupational pneumoconiosis, revealed minimal changes at best. On January 6, 2011, the claims administrator denied Ms. Graham's application for dependent's benefits.

At a hearing on January 9, 2013, the members of the Occupational Pneumoconiosis Board testified that occupational pneumoconiosis did not materially contribute to the decedent's death. Jack Kinder, M.D., testified on behalf of the Occupational Pneumoconiosis Board that there are numerous reports in the evidentiary record identifying the decedent's main cause of death as carcinoma of the lung, and opined that metastasis to the decedent's central nervous system was the ultimate cause of his death. Dr. Kinder further testified that because coal nodules were not identified during the autopsy, the autopsy did not uncover evidence of coal worker's pneumoconiosis and the decedent's death therefore cannot be attributed to coal dust exposure. Finally, Dr. Kinder testified that the autopsy report, death summary, and death certificate all support the Occupational Pneumoconiosis Board's conclusion that occupational pneumoconiosis did not materially contribute to the decedent's death.

In its Order affirming the January 6, 2011, claims administrator's decision, the Office of Judges held that occupational pneumoconiosis did not materially contribute to the decedent's death. On appeal, Ms. Graham requests an award of dependent's benefits.

In *Bradford v. Workers' Compensation Comm'r*, Syl. Pt. 3, 185 W.Va. 434, 408 S.E.2d 13 (1991), this Court held that in order to establish entitlement to dependent's benefits, a claimant must show that an occupational disease or injury "contributed in any material degree to the death." The Office of Judges found that the Occupational Pneumoconiosis Board's conclusion that occupational pneumoconiosis did not materially contribute to the decedent's death is credible. In particular, the Office of Judges took note of the Occupational Pneumoconiosis Board's finding that numerous reports list carcinoma of the lung as the immediate cause of death, and further noted the Occupational Pneumoconiosis Board's finding that metastasis to the decedent's brain ultimately caused his death. Finally, the Office of Judges

2

relied on the Occupational Pneumoconiosis Board's conclusion that an autopsy did not produce evidence of coal worker's pneumoconiosis but did confirm the presence of small cell lung carcinoma. The Board of Review reached the same reasoned conclusions in its decision of September 23, 2013. We agree with the reasoning and conclusions of the Board of Review. The evidence of record does not support a finding that occupational pneumoconiosis materially contributed to the decedent's death.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: November 12, 2014**

**CONCURRED IN BY:**
Chief Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II